TUFFLY v. HOUSTON MOTOR CAR CO.
(No. 7602.)

(Court of Civil Appeals of Texas. Galveston. June 26, 1918. Rehearing Denied Oct. 10, 1918.)

1. SALES ☞85(1)—CONDITIONS — PERFORMANCE.

Where plaintiff agreed to allow defendant credit on the note sued on of $500 for used car taken in trade, and $500 more when it should be sold, but plaintiff made such car into a service car and kept it, refusing an offer of $1,000 for it, plaintiff could not be heard to say that the last credit could not be made because the car had not been sold.

2. APPEAL AND ERROR ☞260(2)—RESERVATION OF EXCEPTIONS—EXCLUSION OF EVIDENCE.

Evidence objected to by defendant was admitted temporarily subject to further ruling and after its admission defendant demanded a ruling, and argument was heard whereupon court without announcing any ruling peremptorily instructed a verdict for plaintiff. Held that if directed verdict was intended to exclude the evidence, no exception was necessary to review the exclusion.

Appeal from District Court, Harris County; J. D. Harvey, Judge.

Action by the Houston Motor Car Company against L. F. Tuffly. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Otto Taub, of Houston, for appellant. Ed. S. & L. C. Phelps and Moody & Boyles, all of Houston, for appellee.

LANE, J. This suit was instituted by the Houston Motor Car Company against appellant, L. F. Tuffly, to recover a balance of $500 alleged to be due and unpaid upon a certain note for the sum of $1,872.60, executed and delivered by Tuffly to the Motor Car Company. Appellant admits the execution and delivery of the note, but as a defense to the plaintiff's suit he alleges that said note was given in a transaction involving the purchase of a new automobile from appellee by appellant's mother at a price of $2,372.60, and the delivery to, and acceptance by, appellee of a used car belonging to appellant's mother as part payment on the new car, under the agreement that appellee would allow for the used car on the purchase of the new car at least the sum of $1,000, of which amount $500 was to be allowed at once; that appellant should execute his note for the balance of $,1,872.60, and that $500 or more would be credited upon said note when the

used car should be sold; it being further agreed that appellee would renovate and repair the used car at once, at its own expense, and sell the same, and allow as a credit upon the note one-half of any further sum in excess of $1,000 that might be realized from the sale of the used car after deducting the expense of repairing and renovating same; the agreement, however, being that the note should be credited, in any event, with at least $500. Appellant further alleged that appellee fraudulently induced appellant to execute said note for $1,872.60, instead of $1,372.60 (the actual balance due upon the purchase price of the new car, after allowing the credit of $1,000 for the used car), by representing that under the above arrangement appellee might not have to pay even the sum of $1,372.60, as the used car might sell for more than $1,000 and the cost of repairing and renovating same, and in such event appellant would be entitled to a further credit, and that appellee wished said note executed for the sum of $1,872.60 instead of $1,372.60 merely as a matter of form, and in order that it should not appear upon its books that it was carrying too much of its profits or assets in old cars, and that said note would not be negotiated by it, and would not in any event be enforced against appellant for a sum in excess of $1,372.60. Appellant, by way of a set-off, alleged, in substance, that he executed what purported to be an order for said new automobile, reciting, among other things, in substance, that a one-half interest in said used car was accepted by appellee as a deposit of $500 on said new automobile; that said deposit of $500 was paid; and that there was due appellee a balance of $1,872.60 on delivery of said new automobile. Appellant alleged further that, in so far as said written order and said promissory note do not express the real agreements between the parties relating to the purchase of said new car, and the delivery of said used car, the failure to express such agreement in said instruments, if it should have been necessary, was caused by mutual mistake or accident. Appellant alleged further, in substance, that appellee failed to use due diligence in repairing and renovating the used automobile, and to sell the same, although, in order to induce the purchase of the new automobile, it had agreed that it would do so at once, expressly guaranteeing to sell the used car for at least $1,000; that at the time of the delivery of the used car to appellee the same was reasonably worth $1,150; that, if it had been repaired and renovated as agreed, it would have been reasonably worth about $1,400; that appellee, in disregard of its agreement to repair and renovate the used car, and to sell the same, converted and appropriated it to its own use and benefit, by placing it in its garage and using it as a service car; that, if said used car had been renovated and sold by appellee as agreed, appellee could and

would have obtained therefor about $1,400; that thereupon the note in suit would have been credited with one-half of the sale price of said automobile, in accordance with the agreement, which, if done, would have been more than sufficient to have discharged the balance alleged to be due upon the same. Appellant in his first amended original answer prayed, in substance, that the note in suit be canceled; that, if necessary, the written order and note be reformed so that they may speak the intention of the parties; and also prayed for general and special relief. Appellant in his trial amendment pleaded, in substance, that for a valuable consideration appellant acquired any cause of action, right, or claim that his mother could have asserted against appellee growing out of the purchase of said new automobile, and the delivery to appellee of said used automobile, and prayed that he be permitted to offset against any recovery had by appellee whatever sum his mother might have been entitled to recover against appellee on account of its breach of the agreement to sell the used automobile and the conversion thereof.

The case proceeded to trial before a jury, whereupon appellant offered the testimony of witnesses to prove the truth of the matters alleged in his answer. When the testimony was tendered appellee objected that it was irrelevant and immaterial, and in so far as it might tend to vary, contradict, or add to the terms of the note sued on, or the contract for the purchase of the new car, it was inadmissible. The court admitted the testimony temporarily, subject to further rulings later during the trial. After said testimony had been introduced, counsel for appellee made a statement to the court as follows:

"Before proceeding we would like to have a ruling of the court on the objections that have been made, because, if they are sustained, I think there will be no occasion for going any further."

After hearing argument of counsel for both parties upon said objection, the court, without announcing any ruling upon the objections urged by appellee, peremptorily instructed the jury to return a verdict in favor of appellee, Houston Motor Car Company, for the sum sued for by it. Under such instructions the jury returned a verdict in favor of appellee against appellant for the sum of $500, together with interest and attorney's fees. Judgment was accordingly rendered, and from such judgment L. P. Tuffly has appealed.

In view of the disposition we shall make of the case, the only assignment necessary to be considered is, in effect, that the court erred in taking the case from the jury by instructing them to return a verdict for appellee; because the pleadings and evidence were sufficient to require the court to submit to the jury the truth of the matters of defense

pleaded by appellant; which, if true, would have defeated appellee's suit.

Appellee contends that the assignment should be overruled because the action of the court in instructing the jury to return a verdict for appellee, under the circumstances above mentioned, was clearly a ruling sustaining the objection of appellee's counsel to the defendant's evidence and an exclusion of the same. We are unable to agree to the contention of appellee. We think appellant's answer sets up a meritorious defense, which the evidence introduced tended strongly to sustain, if not conclusively so.

[1] Appellant alleged that when the new car was purchased appellee agreed to accept, as a part of the consideration therefor, the old or used car for $1,000, of which $500 was to be, and was, deducted from the purchase price of the new car before the execution of the note sued on, and that $500 was to be credited as a payment upon the balance of said purchase price, evidenced by said note, when said used car was sold. The evidence introduced showed that appellee was thereafter offered $1,000 cash for said used car and that it refused to sell the same. Appellee should not now be heard to say that it has not sold said used car, and for that reason appellant is not entitled to the last credit of $500, now claimed by appellant as a payment upon the note. The court admitted the testimony when offered, and at no time did he announce that he would exclude the same, but, as before stated, proceeded to instruct the jury to return a verdict for appellee with this testimony before them.

[2] We think the assignment of appellant should be sustained. If the court had sustained the objections to the evidence when first made, such action, in our opinion, would have been such error as would have required at our hands a reversal of the judgment in favor of appellee had appellant reserved his exception to such action of the court. Therefore, since the court admitted the testimony and thereafter made no order excluding the same, appellant was not called upon to except to its exclusion, if the court so intended by his peremptory instruction. If such instruction was intended as a rejection or exclusion of the evidence already introduced, appellant had no sufficient notice of such intent on the part of the court, and therefore was prevented from reserving a bill of exceptions to such action of the court.

As to whether or not the reasonable value of the used car, after deducting all necessary expense for repairs, exceeds $1,000, and as to whether appellant is entitled to a recovery against appellee for the one-half of the difference between the $1,000 which he contends should be credited on said note and the reasonable value of the used car, less the necessary expense of repairs, etc., if any, is a question to be determined by the court or jury trying the cause upon another trial.

Appellant's assignment is sustained, and the judgment of the trial court is reversed, and the cause is remanded for trial.

Reversed and remanded.